NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| JACK HAYES, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> FURNITURE BRANDS : <br> INTERNATIONAL and THOMASVILLE : <br> FURNITURE INDUSTRIES, INC., : <br> : <br> Defendants. : | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No. 06-CV-1688 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon Defendant Thomasville Furniture Industries, Inc.'s ("Thomasville") and Defendant Furniture Brands International's ("Furniture Brands") motions for summary judgment pursuant to FED. R. CIV. P. 56. Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After carefully considering the submissions of the parties, and based upon the following, it is the finding of this Court that Thomasville's motion for summary judgment is **granted** and the claims against Furniture Brands are **dismissed**.

**I.     BACKGROUND**[1]

In opposition to Defendants' motions for summary judgment, Plaintiff Jack Hayes ("Plaintiff") dismissed with prejudice all claims against Furniture Brands. Further, in opposition to

---

[1] The facts set forth in this Opinion are taken from the Parties' Rule 56.1 statements in their respective moving papers.

Defendants' motions for summary judgment, Plaintiff dismissed Counts II through VI of his Complaint and only challenges the dismissal of Count I against Thomasville, the New Jersey Law Against Discrimination ("NJLAD") claim, so Count I is the only claim discussed herein. Plaintiff brings this suit against Thomasville alleging age discrimination pursuant to the NJLAD. Thomasville maintains that Plaintiff was terminated for cause since Thomasville believed that Plaintiff had engaged in inappropriate and crude behavior and in so doing, exposed Thomasville to legal risk. As such, Thomasville maintains that Plaintiff was terminated because he was not qualified to perform his job and seeks dismissal of any claim alleging age discrimination.

In New Jersey, Thomasville sells its furniture products at stores owned by its customer, Thomasville Home Furnishing, LLC ("THF"). THF stores in New Jersey, in turn, are owned independently by Michael and Edward Massood. Thomasville employed Plaintiff as a sales representative from January 1969 to November 2005 on a commission basis and Plaintiff was an at will employee. In 2005, Plaintiff was 71 years old. As a sales representative, Plaintiff was assigned to assist THF in selling and marketing Thomasville products at the THF stores, where he spent the majority of his working time.

Thomasville representatives assert that Plaintiff had a reputation at Thomasville as being vulgar, rude, overbearing, intimidating and womanizing. Thomasville claims that Plaintiff made inappropriate sexual comments during his employment and these were documented on two occasions. In 1999, a Thomasville employee, Lisa Clark ("Clark"), complained that Plaintiff made several inappropriate sexual comments to her and about a female customer. Plaintiff also allegedly made comments about Clark's sex life with her husband. Plaintiff denies that he made these

2

comments, but a complaint was filed.

On May 9, 2005, Plaintiff made an inappropriate sexual remark in the presence of THF employee Barbara Vitale-Everest ("Everest") in the Woodbridge, New Jersey THF store. During this encounter, Plaintiff knocked on THF Sales Manager David Moss' ("Moss") office door and without waiting for a response, opened the door.  Plaintiff saw that Moss was talking with Everest and stated "I hope she's giving you a blow job." (Guia cert. Ex. 10.)   Following this comment, Everest and Moss joked about how crude Plaintiff could be and that Plaintiff's dirty comments never cease to amaze either of them.  On May 15, 2005, Everest submitted her resignation, citing Plaintiff's disrespectful behavior as causing a hostile workplace; Everest also stated that her attorney would be contacting THF that week. Soon after, THF General Manager Paul Rizzuto ("Rizzuto") directed Plaintiff to stay out of the Woodbridge store because of Everest's resignation letter.

Thomasville did not hear anything further regarding the above incident until August 31, 2005, when THF's lawyer, Jill Tobia Sorger ("Sorger") sent a letter to outside counsel for Thomasville and the CFO of Thomasville, Bob Kincade, who in turn sent a letter to Vice President of Human Resources for Thomasville, Richard Millen ("Millen") attaching Sorger's letter and stating that Millen should be aware of the situation.  Sorger's letter served as written notice from Woodbridge of Everest's complaint against Plaintiff, a request that Thomasville take appropriate action with regard to Plaintiff, that Thomasville should be aware that a female employee in the Eatontown, New Jersey THF store filed a complaint dated August 23, 2005 against Plaintiff, and a request that Thomasville not permit Plaintiff to visit any of the New Jersey THF stores. The August 31, 2005 letter also attached an August 15, 2005 letter from Everest's attorney, Lisa Manshel

3

("Manshel") which contained supplemental allegations against Plaintiff.

On September 8, 2005, Millen, Thomasville CFO and Vice President Paul Dascoli ("Dascoli") and Plaintiff's immediate supervisor, Senior Vice President of Sales Jamie Collins ("Collins") met with Plaintiff to discuss the subject allegations at which time Millen told Plaintiff that if the allegations in the letter were true, they were grounds for termination. Millen also informed Plaintiff that he was suspended without pay during the investigation of the allegations. On September 16, 2005, Manshel sent a letter to Thomasville President, Nancy Webster ("Webster") informing her that the company that employs Plaintiff will be held liable for his acts of harassment.

On October 25, 2005, Sorger wrote to Thomasville General Counsel, Jeff Cowan stating that THF will not permit Plaintiff to serve in his former capacity at the THF stores in New Jersey, and that the prohibition already in place would remain indefinitely unless Thomasville required Plaintiff to complete sexual harassment and sensitivity training as well as a program addressing inappropriate behavior in the workplace. The letter also indicated that Thomasville would have to ensure that Plaintiff was able to act professionally in order for him to be reinstated in his position at THF stores. Dascoli, Collins and Millens then discussed the situation with Webster and Vice President of Sales, Eric Easter ("Easter") and the five managers agreed to terminate Plaintiff since they could not guarantee that he would act professionally at THF stores. On November 1, 2005, Collins and Millen notified Plaintiff that he was terminated.

## II.     STANDARD OF REVIEW

Summary judgment is granted only if all probative materials of record, viewed with all inferences in favor of the non-moving party, demonstrate that there is no genuine issue of material

fact and that the movant is entitled to judgment as a matter of law.  See Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986).  The moving party bears the burden of showing that there is no genuine issue of fact.  See id.  "The burden has two distinct components: an initial burden of production, which shifts to the nonmoving party if satisfied by the moving party; and an ultimate burden of persuasion, which always remains on the moving party."  Id.  The non-moving party "may not rest upon the mere allegations or denials of his pleading" to satisfy this burden, but must produce sufficient evidence to support a jury verdict in his favor.  See Fed. R. Civ. P. 56(e); see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  "[U]nsupported allegations in [a] memorandum and pleadings are insufficient to repel summary judgment."  Schoch v. First Fid. Bancorporation, 912 F.2d 654, 657 (3d Cir. 1990).  "In determining whether there are any issues of material fact, the Court must resolve all doubts as to the existence of a material fact against the moving party and draw all reasonable inferences - including issues of credibility - in favor of the nonmoving party."  Newsome v. Admin. Office of the Courts of the State of N.J., 103 F. Supp.2d 807, 815 (D.N.J. 2000), aff'd, 51 Fed. Appx. 76 (3d Cir. 2002) (citing Watts v. Univ. of Del., 622 F.2d 47, 50 (D.N.J. 1980)).

### III.   DISCUSSION

Federal courts sitting in diversity follow the law of the state in which they sit. 28 U.S.C. §1652; see also Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938). Accordingly, this Court will apply New Jersey law.

Under the NJLAD, a plaintiff has the initial burden to establish a *prima facie* case of discrimination. This is accomplished by (1) showing that he is a member of the protected class, (2)

5

that he is qualified for the position, (3) that he suffered an adverse employment decision and (4) in the case of a discharge, that he was replaced by a sufficiently younger person to create an inference of age discrimination. Smith v. Medpointe Healthcare, Inc., 2007 WL 556914 (D.N.J. 2007). If this is accomplished, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the action taken against the plaintiff. This is achieved by introducing evidence that, if taken as true, allows a trier of fact to conclude that unlawful discrimination was not the reason for the discharge. See id. It is then the plaintiff's burden to prove, by preponderance of the evidence, that the defendant's stated explanation is a pretext for discrimination. The plaintiff must demonstrate "both that the reason was false, and that discrimination was the real reason." Jones v. School Dist. of Philadelphia, 198 F.3d 403, 412-413 (3d. Cir. 1999); quoting St. Mary's Honor Center v. Hicks, 502 U.S. 502, 515 (1993).

### A.   Plaintiff does not meet his *prima facie* burden under the NJLAD because he fails to prove qualification for his position.

Plaintiff points to Zive v. Stanley Roberts in support of the second prong of his *prima facie* case under the NJLAD. 182 N.J. 436 (2005). The language of Zive, however, clearly states that "all that is necessary is that the plaintiff produce evidence showing that she was actually performing the job prior to the termination." 182 N.J. 436, 445. Plaintiff states that he has been a successful employee for Thomasville for thirty-six years. Even so, Plaintiff cannot produce evidence that he was actually performing his job adequately prior to the termination. Plaintiff's job as a sales representative required him to go to individual THF stores to attend to the needs of sales associates and customers. As a result of being barred from entering THF stores, Plaintiff was unable to perform one of the most essential requirements of his job. Plaintiff could not perform his job and has offered

6

no evidence to the contrary. Thus Plaintiff's claims fails as a matter of law.

> **B.** **Plaintiff fails to prove that Thomasville's reasons for discharging him were a pretext of discrimination.**

Even if Plaintiff had met his *prima facie* burden, which he has not, Thomasville offers a non-discriminatory explanation for Plaintiff's termination: the fact that his inappropriate comment resulted in his being barred from entering the THF stores that were his responsibility to service and as a result, was unable to do the job that was required of him as a sales representative, and unless Thomasville could guarantee that Plaintiff would act professionally at the THF stores where he spent the majority of his working time, then Plaintiff would not be permitted to return to the stores and perform his job.  As Thomasville correctly notes, Plaintiff is unable to rebut this reasoning and fails to set forth arguments of age discrimination.  As such, Plaintiff cannot establish a pretext of discrimination for Thomasville terminating his employment, and thus his claim under NJLAD fails as a matter of law.

### IV.   CONCLUSION

For the reasons stated, it is the finding of this Court that Thomasville's and Furniture Brands' motions for summary judgment are **granted**.  An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:       August   12 ,  2008
Orig.:      Clerk
cc:         All Counsel of Record
            Hon. Mark Falk, U.S.M.J.
            File